UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Michael Burress, | ) | C/A No.: 5:12-cv-02841-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, David Michael Burress ("Petitioner" or "Burress"), a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 20, 21. Petitioner filed a response in opposition to Respondent's motion on April 26, 2013. ECF No. 29. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be granted.

I.   Factual Background

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2003, Petitioner was indicted in the December term of the Greenville County Grand Jury for trafficking methamphetamine (crank). App. 282-83.[1] On January 10, 2005, Petitioner appeared before Judge Larry R. Patterson, and

---

[1] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 29-1, 29-2 and 29-3 in this habeas matter.

1

following the denial of his motion to suppress the drug evidence, he pled guilty to the indictment. *Id.* at 3-52. Petitioner was represented by Attorney Daniel Farnsworth; the State was represented by Attorney Allen Fretwell. App. 1. Petitioner was sentenced to 25 years confinement. App. 51.

## II. Procedural History

Trial counsel timely filed and served the notice of appeal, and an *Anders*[2] Brief of Appellant was filed on August 15, 2006. ECF No. 21-4. Petitioner filed a pro se Response on September 20, 2006. ECF No. 21-5. On September 18, 2007, the South Carolina Court of Appeals dismissed Petitioner's appeal. ECF No. 21-6. The remittitur was issued on October 4, 2007. ECF No. 21-7.

On October 12, 2007, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 55-61. In his application, Petitioner argues the following grounds: ineffective assistance of counsel, involuntary plea, and ineffective assistance of appellant counsel. App. 57. The State filed its return on January 15, 2008, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel and involuntary guilty plea claims. App. 146-152. Petitioner filed an amendment to his PCR application on January 22, 2008. App. 154-170. On December 10, 2008, an evidentiary hearing was conducted before the Honorable Edward Miller in Greenville, South Carolina. App. 171. Petitioner was represented by Susannah C. Ross, Esq., while the State was represented by Assistant Attorney General Karen Ratigan. *Id.* Petitioner, Petitioner's mother, and Petitioner's former trial counsel, Daniel Farnsworth, testified at the hearing. App. 175-204. On January 12, 2009, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The Applicant stated plea counsel was his third attorney and that they had four (4) meetings before the guilty plea hearing. The Applicant stated he refused a prior plea offer from the State that was relayed to his second attorney. The Applicant stated that, after they lost the suppression hearing, plea counsel told him he could appeal it. The Applicant stated this was the reason he decided to plead guilty. The Applicant testified he believed he was facing a second offense until it was revealed to be a third offense during the plea hearing. The Applicant testified he thought his 1988 charges were viewed as a single offense.

Barbara Rigsbee, the Applicant's mother, testified plea counsel told her they would appeal the search and seizure issue and that the Applicant could be home in three (3) years.

Plea counsel testified he was the third attorney on this case. Plea counsel testified he received discovery materials from a prior attorney and the Applicant. Plea counsel testified he met with the Applicant six (6) times before the plea

3

hearing. Plea counsel testified they discussed the State's evidence and the discovery materials. Plea counsel stated there were no plea offers from the State while he represented the Applicant, but that he knew there had been a prior plea offer. Plea counsel stated he unsuccessfully argued - during the suppression hearing - that the Applicant was never told he was under arrest before the search. Plea counsel stated he did not recall telling the Applicant he could appeal the suppression hearing even if he pled guilty and further stated he would not tell any client this was possible. Plea counsel stated the Applicant knew he was pleading guilty without a recommendation and that it was a third offense. Plea counsel testified there was no problem enhancing the conviction to a third offense because of the Applicant's prior record. Plea counsel testified the Applicant had pled to several 1988 charges (from different incident dates) on a single date in 1989 but that he did not argue they should be considered as a single offense.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

After a suppression hearing and a Jackson v. Denno hearing were not favorable to his case, the Applicant opted to enter a guilty plea. (Plea transcript, pp. 3-42). The Applicant admitted to the plea judge that he wanted to give up his right to trial and plead guilty. (Plea transcript, p. 45).The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 46-47).

This Court finds the Applicant failed to meet his burden of proving plea counsel was deficient in preparing his case. This Court notes plea counsel was the third attorney in this case and that he had received all the discovery materials before the suppression hearing. This Court finds credible plea counsel's assertion that he met with the Applicant approximately six (6) times to review the State's evidence and discuss the case.

This Court finds the Applicant has failed to meet his burden of proving plea counsel advised he could appeal the suppression hearing even if he entered a guilty plea. Plea counsel testified such advice was clearly untrue and this Court finds credible plea counsel's assertion that he would never advise any of his criminal defense clients to follow such action.

This Court finds the Applicant failed to meet his burden of proving plea counsel should have argued this case was a second offense rather than a third. This Court finds the Applicant knew before the guilty plea that he was facing a third offense and that regardless the plea judge informed him of this fact during

4

the guilty plea hearing. (Plea transcript, p. 45). This Court also finds there was no error in treating this as a third offense. As the 1988 charges occurred over the span of approximately one (1) month, they could not be considered a single offense. See S.C. Code Ann. § 17-25-50 (Supp. 2003) ("[T]he court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense.") (emphasis added). Therefore, plea counsel was not deficient in failing to challenge the treatment of the current charge as a third offense.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### Subject Matter Jurisdiction

The Applicant argues the Greenville County Grand Jury was not scheduled to convene during the term his indictment was issued. The Applicant also argues there were too many cases presented to the Grand Jury that day. The Applicant further argues the CDR code on the face of his indictment is for a second offense but he was sentenced as a third offense. This Court finds the Applicant failed to meet his burden of proving the plea judge did not have subject matter jurisdiction to accept his guilty plea. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174. The Applicant's argument that the Grand Jury was not scheduled to convene when his indictments were signed is without merit. While terms of court are technically prescribed by statute, this Court notes general sessions matters may be transacted during common pleas terms of court and vice versa. See S.C. Code Ann. §§ 14-5-410, -420 (Supp. 2003). This Court further finds the CDR code on the face of his indictment is not jurisdictional in nature. This Court notes both that the CDR code for a third offense is noted on the sentencing sheet and that the Applicant was advised during his guilty plea hearing that he was pleading guilty to a third offense. (Plea transcript, p. 45).

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

5

## CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 268-272. Petitioner filed a Rule 59(e), SCRCP, Motion to Alter or Amend which was denied on March 9, 2009. App. 274-277, 281. On September 8, 2009, Petitioner, represented by Lanelle Cantey Durant, Esquire, of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari. ECF No. 21-8. The petition argued the following grounds:

1. Did the PCR court err in failing to find plea counsel ineffective for telling petitioner that counsel would appeal the denial of the suppression of the drugs after petitioner's guilty plea?; and

2. Did the PCR court err in failing to find plea counsel ineffective for not arguing that petitioner's drug conviction should be a second offense instead of a third offense?

*Id.* at 3. The State filed its Return to the Petition for Writ of Certiorari on July 6, 2010 arguing that Petitioner failed to meet his burden of proving ineffective assistance of counsel and therefore the PCR judge did not err in denying the PCR application. ECF No. 21-9. On August 4, 2011, the South Carolina Court of Appeals granted the Petition for Writ of Certiorari and the parties were ordered to serve and file the appendix and briefs. ECF No. 21-10. Petitioner filed his brief on April 4, 2011, and the State filed its brief on April 26, 2011. ECF Nos. 21-11, 21-12. On October 24, 2011, the South Carolina Supreme Court entered an order dismissing Petitioner's writ as improvidently granted. ECF No. 21-13. The remittitur was issued on November 10, 2011. ECF No. 21-14. This petition for habeas corpus followed on October 1, 2012. ECF No. 1.

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> **GROUND ONE**: Ineffective Assistance of Counsel: Petitioner's defense counsel incorrectly advised Petitioner that if he entered a plea of guilty to trafficking in methamphetamines Petitioner would still have the right to appeal the trial court's denial of his motion to suppress.
>
> **Supporting facts:** The Greenville County Grand Jury indicted Petitioner in its December 2003 term with trafficking methamphetamines (Case No: 2003-GS-23-8716). On January 10, 2005, Petitioner appeared before the trial court for the purpose of having the trial court hear and rule on Petitioner's motion to suppress evidence. The basis of the motion to suppress was Petitioner's assertion that law enforcement officers violated the Fourth Amendment when they illegally searched his vehicle. A brief summary of Petitioner's arguments is as follows. Con't on additional sheet attached.
>
> **GROUND TWO:** Ineffective Assistance of Counsel: Petitioner's defense counsel failed to properly investigate and challenge Petitioner's prior drug convictions being treated separately, which resulted in Petitioner being sentenced under an enhanced penalty, and third "drug" offense, as opposed to a second "drug" offense.
>
> **Supporting facts**: In 1988-89, Petitioner was arrested on five drug offenses, which all stemmed from Petitioner's selling small quantities of cocaine to a single informant, once per week for a period of approximately one month. The charges were consolidated and Petitioner entered a guilty plea to the consolidated charges. Pursuant to South Carolina Code Section 17-25-20, and relevant case law, Petitioner's 1989 conviction should have been treated as a single conviction and sentence for sentencing enhancement purposes. The Greenville County Grand Jury indicted Petitioner in its December 2003 term with trafficking methamphetamines (Case No: 2003-GS-23-8716). The indictment was "coded" as a "second" drug offense rather than a "third" drug offense. Con't on additional sheet attached.

ECF Nos. 1 at 5-7.

B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

C.    Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the

underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.  Here it is undisputed that Petitioner met exhaustion requirements.  ECF No. 21 at 14.

        D.     Merits Analysis

A federal court may issue a writ of habeas corpus on claims adjudicated on their merits in state court only if that adjudication resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007) (internal quotation marks omitted). A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Stated differently, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,'" a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong

10

presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1. Ground One: Ineffective Assistance of Counsel-Incorrect advice regarding appealing the results of the suppression hearing

Petitioner contends that he was denied effective assistance of counsel when trial counsel incorrectly advised him that he could plead guilty to the trafficking charge and still appeal the trial court's denial of his motion to suppress. ECF No. 1. Petitioner contends that the testimony offered at his PCR hearing supported his claim that he was denied effective assistance of counsel and that the PCR court erred when it denied his application on this ground. ECF No. 1-1 at 1-2.

In support of its summary judgment motion, Respondent argues that the PCR court correctly found Petitioner's testimony that his trial counsel advised him to plead guilty while telling him he would still be able to appeal the suppression hearing was not credible. ECF No. 21 at 20. Respondent further contends that the PCR court found trial counsel's testimony that he would never advise any of his criminal clients to follow such action to be credible. *Id.* Respondent argues that the PCR court's findings and credibility determinations are entitled to deference by this Court. ECF No. 21 at 20.

11

In response to this argument, Petitioner alleges that the PCR court's decision to dismiss his PCR application should not be given deference by the court because "there was no meaningful consideration of the merits of [Petitioner's] claim or evidence presented at the state Court's post-conviction evidentiary hearing." ECF No. 29 at 8. Petitioner contends that the PCR court's order shows that the court did not consider trial counsel's testimony that he could not recall telling Petitioner that he could appeal the suppression hearing after pleading guilty. *Id.* Petitioners argues that this testimony "could have been construed as an admission" and therefore "cannot constitute the 'determination of a factual issue' entitled to the presumption of correctness under Section 2254 and is clearly an unreasonable determination based on the record herein." *Id.* at 9. Petitioner further argues that the PCR court "ignored the trial court's statement's preserving [Petitioner's] right to appeal the denial of his motion to suppress." *Id.* Petitioner argues that "based on the record before the state court, but for trial counsel's erroneous advice, there was a reasonable probability that the result herein would have been different." *Id.*

During the PCR hearing and in support of Petitioner's ineffective assistance of counsel claim on this ground, Petitioner's mother testified that trial counsel told her after Petitioner entered a guilty plea that he was going to appeal the search and seizure and that "hopefully [Petitioner] would be home in three years." App. 185-86. Petitioner testified that his trial counsel told him that "if [he] pled guilty, [trial counsel] would appeal the search and [Petitioner] could possibly win and that's the best thing. [Trial counsel] said that the judge's ruling was wrong and he would appeal the search. [Petitioner] would get an attorney and they would look at it again." App. 192-93. Petitioner also offered an affidavit from his son who stated that trial counsel told him that he would appeal the search and seizure. App. 265.

Trial counsel offered the following testimony on direct examination concerning Petitioner's claim that he pled guilty only because trial counsel informed him he could still appeal his guilty plea:

> Q. Now, did you tell him that he could get that Suppression Hearing reviewed?
>
> A. You and I had this conversation about an hour ago if you remember. I don't recollect as to what I told him as far as appeal and this type thing, but if I told him that that would be preserved on appeal after it was denied and he pled guilty, that would be incorrect, if I told him that.
>
> Q. Because he pled guilty, he believes his - - -
>
> A. All his Constitutional rights plus his accessible defenses?
>
> Q. And you can't recall whether you told him that?
>
> A. It was four years ago.

App. 180-81.

On cross examination, trial counsel testified as follows:

> Q. Would you ever tell a criminal defendant that you could appeal a Suppression Hearing after a plea?
>
> A. Like I said, I talked with you about this, I don't recall saying that, but if I did, I was just totally incorrect and I can stand saying that now.
>
> Q. But you don't recall ever - - -
>
> A. I don't recall telling him that, no. Like I say, it's been four years and a lot of cases, I wish I could.

App. 183-184.

Addressing Petitioner's allegation that he only pled guilty because his trial counsel told him he could still appeal the denial of his suppression motion, the PCR court found that Petitioner's testimony was not credible, while finding that trial counsel's testimony was credible. App. 270. The PCR court held:

13

> [Petitioner] failed to meet his burden proving plea counsel advised he could appeal the suppression hearing even if he entered a guilty plea. Plea counsel testified that such advice was clearly untrue and this Court finds credible plea counsel's assertion that he would never advise any of his criminal defense clients to follow such action.

App. 270.

The PCR Court's credibility findings are entitled to deference by this court. *Wilson v. Ozmint*, 352 F.3d 847, 858-859 (4th Cir. 2003).[3] "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). Upon review of the arguments before the court, the undersigned finds that Petitioner has not shown that the PCR Court's denial of post-conviction relief was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87. As such, Petitioner has not shown that the PCR Court's findings and conclusions were contrary to, or an unreasonable application of, the *Strickland* standard. The undersigned recommends that Ground One of Petitioner's habeas petition be dismissed.

> 2. Ground Two: Ineffective Assistance of Counsel-Trial Counsel's failure to challenge wrongful sentencing enhancement

Petitioner contends that that his trial counsel "failed to properly investigate and challenge [his] prior drug convictions being treated separately, which resulted in Petitioner being sentenced under an enhanced penalty, a third 'drug' offense, as opposed to a second 'drug' offense." ECF No. 1 at 7. Respondent moves for summary judgment contending that the PCR court's finding

---

[3] In neither his Rule 59(e) Motion to Alter or Amend or in his Petition for Certiorari, did Petitioner challenge the PCR Court's statement of fact that found Petitioner's trial counsel asserted "that he would never advise any of his criminal defense clients" that they could appeal a suppression hearing after pleading guilty. App. 270. While the undersigned notes that this statement does not convey accurately trial counsel's testimony, because Petitioner did not challenge the statement, the undersigned must defer to the factual findings of the PCR Court.

14

that this ground is without merit is fully supported by the record. ECF No. 21 at 23. Respondent argues that trial counsel testified that it was not improper to use Petitioner's five prior drug convictions to enhance his current charges to a third offense. *Id.* at 24. Respondent further contends that the PCR court interpreted South Carolina law and correctly found that because Petitioner's prior drug charges occurred over a one-month time period that the charges could not be treated as a single offense for sentencing purposes. *Id.* Respondent argues that a PCR court's interpretation of South Carolina law cannot be reinterpreted by this court. *Id.* at 27. Finally, Respondent contends that even if the court finds that these charges should be counted as one conviction, that Petitioner had a 2003 conviction for marijuana that would have qualified as a second drug offense, therefore his guilty plea to trafficking would still be considered a third offense. *Id.* at 27.

In response to this argument, Petitioner contends that his prior convictions should have been treated as a "single conviction" for sentencing enhancement purposes. ECF No. 29 at 12. Petitioner argues that these offenses arose from a single investigation and one arrest as they were part of "one continuing incident . . . using the same confidential informant who engaged Petitioner once a week during a one month period." *Id.* Petitioner argues that whether his offenses occurred on different days is not dispositive of "whether or not a prior incident is considered a separate conviction for purposes of enhancing a criminal defendant's sentence." *Id.* at 15. Petitioner contends that instead, a court should consider "whether or not the incidences are remote in time, [and] arise out of the same investigation" and whether "the violations are unrelated to one another and do not arise out of a single incident." *Id.* Petitioner alleges that the PCR court did not consider the underlying circumstances of Petitioner's prior convictions and this was an error. *Id.* at 15-16. Petitioner contends that the PCR court's finding therefore

cannot constitute the "'determination of a factual issue' entitled to presumption of correctness under Section 2254." *Id.* at 16.  Petitioner argues that "his trial counsel's failure to inquire into his prior record or request any clarification of his prior convictions was ineffective assistance of counsel." *Id.* at 14.  Petitioner further argues that his 2003 marijuana conviction could not have resulted in his being sentenced to a third offense because his conviction arose from the same facts and circumstances as the conviction for trafficking methamphetamines.  *Id.* at 13.  Therefore, Petitioner contends that the "trial court was prohibited from using the 2003 marijuana conviction to enhance [his] sentence." *Id.*

In denying Petitioner's post-conviction relief on this ground, the PCR Court found that trial counsel was not deficient in failing to challenge the treatment of the current charge as a third offense. The PCR court observed that Petitioner knew he was pleading to a third offense and that there was no error in treating Petitioner's case as a third offense because under South Carolina law the prior charges could not be considered a single offense because the offenses occurred over the span of one month.  The undersigned finds that it cannot revisit the PCR court's determination that Petitioner's prior charges would not be considered as a single offense under South Carolina law.  "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Accordingly, the undersigned finds that the PCR court's rejection of this ground for relief did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record.  Nor was the PCR court's decision "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

16

court proceeding." 28 U.S.C. § 2254(d)(1), (2). *See also*, *Williams v. Taylor*, 529 U.S. 362, 386 (2000). Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this ground.

    IV.    Conclusion

The undersigned has considered Petitioner's grounds for habeas corpus relief and recommends that the Petition be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be GRANTED and the habeas petition be DISMISSED with prejudice.

    IT IS SO RECOMMENDED.

May 17, 2013                          Kaymani D. West
Florence, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**