IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| David Michael Burress, | ) | |
| | ) | C/A No. 5:12–2841-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| | ) | |
| Warden, Perry Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

David Michael Burress ("Petitioner"), a state prisoner represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 17, 2013, Magistrate Judge Kaymani D. West filed a Report and Recommendation recommending that Respondent's Summary Judgment Motion (ECF No. 20) be granted and this petition be dismissed with prejudice. (ECF No. 31).[1] Petitioner was advised of his right to file objections to the Report and Recommendation. (ECF No. 31-1). On June 18, 2013, Petitioner filed objections to the Report and Recommendation. (ECF No. 35). After reviewing the record and Petitioner's objections, the court grants Respondent summary judgment on one of Petitioner's claims and denies Respondent summary judgment on the remaining claim, as discussed below.

---

[1]The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**Background/Procedural History**

Petitioner is currently incarcerated at the Perry Correctional Institution. In December 2003, Petitioner was indicted for trafficking methamphetamine, third offense. He was represented by counsel on the charge and on January 10, 2005, he pled guilty before the Honorable Larry R. Patterson. Judge Patterson sentenced petitioner to 25 years imprisonment.

Petitioner filed a direct appeal raising the following issue: whether his guilty plea complied with *Boykin v. Alabama.* On September 18, 2007, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Burress*, 2007-UP-379 (S.C.Ct. App. filed Sept. 18, 2007). The remittitur was sent down on October 4, 2007.

On October 12, 2007, Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds for relief:

1) Ineffective assistance of plea counsel for

a) failing to advise that inclusion in the Community Supervision Program ("CSP") waived his rights to a jury trial in any future revocation proceedings,

b) failing to advise that inclusion in the CSP waived his rights to counsel in all future revocation proceedings,

c) failing to advise the maximum sentence that could be imposed under the CSP was higher than that imposed by the judge and
d) failing to correctly advise Petitioner about a search and seizure issue;

2) Involuntary guilt plea because he was not advised that the sentence would include a mandatory minimum sentence under the CSP; and

3) Ineffective assistance of appellate counsel for failing to present an issue of prosecutorial misconduct.

A hearing was held on the matter before the Honorable Edward W. Miller, and Petitioner was present at he hearing and represented by counsel. On January 15, 2009, the PCR court dismissed Petitioner's PCR application.

Petitioner appealed the denial of his PCR application, raising the following two issues: 1) whether the PCR court erred by failing to find plea counsel ineffective for telling Petitioner that

counsel would appeal the denial of the suppression of the drugs after Petitioner's guilty plea, and

2) whether the PCR court erred by failing to find Petitioner's plea counsel ineffective for not

arguing that Petitioner's drug conviction should have been treated as a second offense, rather

than a third offense.  On February 11, 2011, the South Carolina Supreme Court granted a writ of

certiorari.  However, on October 24, 2011, the Couth Carolina Supreme Court dismissed the writ

of certiporari as improvidently granted.  The remittitur was sent down on November 10, 2011.

Petitioner filed the instant § 2254 habeas petition on October 1, 2013, raising the

following grounds for relief:

> **Ground One:  Ineffective Assistance of Counsel**
> Petitioner's defense counsel incorrectly advised Petitioner that if he entered a plea of guilty to trafficking in methamphetamines Petitioner would still have the right to appeal the trial court's denial of his motion to suppress.
>
> **Supporting facts:**  The Greenville County Grand Jury indicted Petitioner in its December 2003 term with trafficking methamphetamines (Case No: 2003-GS-23-8716). On January 10, 2005, Petitioner appeared before the trial court for the purpose of having the trial court hear and rule on Petitioner's motion to suppress evidence. The basis of the motion to suppress was Petitioner's assertion that law enforcement officers violated the Fourth Amendment when they illegally searched his vehicle. . . .
>
> **Ground Two: Ineffective Assistance of Counsel**
> Petitioner's defense counsel failed to properly investigate and challenge Petitioner's prior drug convictions being treated separately, which resulted in Petitioner being sentenced under an enhanced penalty, a third "drug" offense, as opposed to a second "drug" offense.
>
> **Supporting facts:** In 1988-89, Petitioner was arrested on five drug offenses, which all stemmed from Petitioner's selling small quantities of cocaine to a single informant, once per week for a period of approximately one month. The charges were consolidated and Petitioner entered a guilty plea to the consolidated charges. Pursuant to South Carolina Code Section 17-25-20, and relevant case law, Petitioner's 1989 conviction should have been treated as a single conviction and sentence for sentencing enhancement purposes.
>
> The Greenville County Grand Jury indicted Petitioner in its December 2003 term with trafficking methamphetamines (Case No: 2003-GS-23-8716).  The indictment was "coded" as a "second" drug offense rather than a "third" drug offense. . . .

(ECF No. 1 at 5-7).[2]   Respondent filed a Motion for Summary Judgment on February 7, 2013.

(ECF No. 20).   Petitioner filed a response opposing the motion on April 26, 2013.   (ECF No. 29).

## Applicable Law

Because Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C.

§ 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615

(4th Cir.1998). Under the AEDPA, a federal court may not grant habeas relief unless the

underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an

unreasonable application of clearly established federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based on an unreasonable application

of the facts in light of the evidence presented at the state court proceeding.   28 U.S.C. §

2254(d)(1) (2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may

not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable."   *Id*. at 410.   Moreover, the state court's

factual determinations are presumed to be correct and the petitioner has the burden of rebutting

this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To prove such an ineffective assistance of counsel claim, a petitioner must establish both

that counsel's performance fell below an objective standard of reasonableness and that there is a

reasonable probability that the outcome of the proceeding would have been different but for the

deficient performance, a "reasonable probability" being one "sufficient to undermine confidence

---

[2]The Petitioner is represented by counsel who filed the Petition.  Accordingly, Petitioner is not entitled to the benefit of the ruling set forth in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).   Thus, the court has used the date the petition was received by the Clerk of Court as the filing date.

in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  When there has been

a guilty plea, the petitioner must prove that counsel's representation was below the standard of

reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability

that petitioner would not have pled guilty and would have insisted on going to trial.  *Hill v.*

*Lockhart*, 474 U.S. 52, 58–59 (1985).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a);

*see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987) (stating that summary

judgment should be granted "only when it is clear that mere is no dispute concerning either the

facts of the controversy or the inferences to be drawn from those facts").  "In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities

in favor of the nonmoving party."  *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d

1005, 1008 (4th Cir.1996).

## Discussion

As set forth above, Petitioner raises two claims of ineffective assistance of counsel:  1)

Petitioner contends defense counsel incorrectly advised Petitioner that if he pled guilty, he would

still have the right to appeal the trial court's denial of his motion to suppress; and 2) Petitioner

contends defense counsel failed to properly investigate and challenge Petitioner's prior drug

convictions which resulted in Petitioner's prior convictions being used to enhance his sentence

and his being sentenced to a third offense.

### 1) Ground One

In Ground One, Petitioner alleges defense counsel was ineffective for incorrectly

advising Petitioner that he could appeal a suppression ruling after pleading guilty.[3]  Petitioner

---

[3]The parties do not dispute that having pled guilty, Petitioner waived his right to contest
the suppression ruling. *See Ramdass v. Angelone*, 530 U.S. 156, 167 (2000)  (holding "a plea of

5

raised this issue in his PCR application and the PCR court found not credible Petitioner's testimony that his trial counsel advised him to plead guilty and told him that, if he pled guilty, he could also appeal the denial of his suppression motion. The PCR court found counsel's testimony credible that he would never advise a criminal defendant that he could appeal a ruling on a suppression motion following a guilty plea.

In her Report and Recommendation, the magistrate judge stated that credibility determinations are entitled to deference by this court and federal courts are not to redetermine credibility of witnesses. She also noted in a footnote:

> In neither his Rule 59(e) Motion to Alter or Amend or in his Petition for Certiorari, did Petitioner challenge the PCR Court's statement of fact that found Petitioner's trial counsel asserted "that he would never advise any of his criminal defense clients" that they could appeal a suppression hearing after pleading guilty. App. 270. While the undersigned notes that this statement does not convey accurately trial counsel's testimony, because Petitioner did not challenge the statement, the undersigned must defer to the factual findings of the PCR Court.

(Report at 14 n.3).

In his objections, Petitioner contends that the PCR court erred in finding plea counsel's testimony credible because it failed to actually consider plea counsel's testimony. (Objections at 3). Specifically, Petitioner contends that plea counsel did not unequivocally testify that he would never tell a criminal defendant that he could appeal a ruling on a suppression motion after a guilty plea. *Id*.

> At the PCR hearing, on direct examination, defense counsel testified as follows:
>
> Q. Now, did you tell him that he could get that Suppression Hearing reviewed?
>
> A. You and I had this conversation about an hour ago if you remember. I don't recollect as to what I told him as far as appeal and this type thing, but if I told him that that would be preserved on appeal after it was denied and he pled guilty, that would be incorrect, if I told him that.

---

guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea." ) (*quoting Rivers v. Strickland*, 264 S.Ct. 121, 124 (1975).

Q. Because he pled guilty, he believes his - - -

A. All his Constitutional rights plus his accessible defenses?

Q. And you can't recall whether you told him that?

A. It was four years ago.

(ECF No. 21-2 at 52).  On cross examination, defense counsel testified as follows:

Q. Would you ever tell a criminal defendant that you could appeal a Suppression Hearing after a plea?

A. Like I said, I talked with you about this, I don't recall saying that, but if I did, I was just totally incorrect and I can stand saying that now.

Q. But you don't recall ever - - -

A. I don't recall telling him that, no. Like I say, it's been four years and a lot of cases, I wish I could.

*Id*. at 54-55.

In his order, however, the PCR court noted that " [p]lea counsel stated he did not recall telling the Applicant he could appeal the suppression hearing even if he pled guilty and further stated he wold not tell any client this was possible."  (ECF No. 21-3 at 19).  The PCR Court noted that Petitioner testified that after losing the suppression motion, defense counsel told him, he could appeal it, and based upon this, Petitioner pled guilty.  (ECF No. 21-3 at 19).[4]  The PCR court then found Petitioner's testimony not credible.  The PCR Court further stated that Petitioner had "failed to meet his burden of proving plea counsel advised he could appeal the

---

[4]At the PCR hearing, Petitioner's mother, Barbara Rigsbee, testified that "after the sentencing, defense counsel told her not to worry and that he was going to appeal the suppression hearing ruling.  (ECF No. 21-2 at 56-57).  The PCR court noted that Petitioner's mother testified that defense counsel told her that Petitioner could appeal the suppression issue. (ECF No. 21-2 at 19).  However, the PCR court did not make any credibility determination regarding Petitioner's mother.  Further, Petitioner submitted an affidavit from his son, Halston A. Burress, who was in the military and stationed in Texas at the time of the PCR hearing.  In his affidavit, Petitioner's son stated that he was also told by defense counsel, after the sentencing hearing, that the suppression hearing ruling could be appealed. (ECF No. 21-3 at 15).

suppression hearing even if he entered a guilty plea. Plea counsel testified such advice was clearly untrue and this Court finds credible plea counsel's assertion that he would never advise any of his criminal defense clients to follow such action." (ECF No. 21-3 at 20).

Under § 2254 " 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (*quoting Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Rather, "for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." *Id.* at 324. *See also Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.'") (*quoting Miller–El*, 537 U.S. at 340).

> As the Supreme Court has explained, although "[t]he term 'unreasonable' is no doubt difficult to define . . . [i]t suffices to say . . . that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 130 S.Ct. 841, 849, 175 L.Ed.2d 738 (2010) (internal quotation marks omitted). Rather, "even if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (internal quotation marks omitted).

*Merzbacher v. Shearin*, 706 F.3d 356, 363-64 (4th Cir. 2013).

Here, the testimony of defense counsel in no way supports the PCR court's finding that defense counsel would never advise a criminal defendant that he could appeal a suppression motion following a guilty plea. Defense counsel clearly testified that he could not recall what he told Petitioner four years earlier, and further when specifically asked if he would "ever tell a criminal defendant that you could appeal a Suppression Hearing after a plea," defense counsel

8

replied that he did not recall and, that if he did, it was incorrect.  The court does not simply

disagree with the PCR court's factual determination.  Rather the court finds the PCR court's

factual determination is objectively unreasonable as it is not supported by the record.

Accordingly, the court declines to adopt this portion of the Report and Recommendation.

While the magistrate judge correctly stated that the court must defer to the PCR court's factual

findings, "deference does not imply abandonment or abdication of judicial review" nor does it

preclude relief.  *Miller-El v. Cockrell,* 537 U.S. 231, 240 (2005).  A federal court can disagree

with a state court's credibility determination and conclude the decision was unreasonable or that

the factual premise was incorrect by clear and convincing evidence.  *See Merzbacher v. Shearin*,

706 F.3d 356, 364 (4th Cir.  2013).

> Section 2254 provides:
>
> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Subsection (e)(2) precludes an evidentiary hearing in federal court only

if the failure to develop a claim's factual basis is due to a "lack of diligence, or some greater

fault, attributable to the prisoner or the prisoner's counsel."  *Williams*, 529 U.S. at 432.  If the

court determines that a petitioner has not been diligent in establishing the factual basis for his

claims in state court, then the court may not conduct a hearing unless the petitioner satisfies one

of § 2254(e)(2)'s narrow exceptions.

If, however, as here, the petitioner has not failed to develop the factual basis of his claim in state court, the court will then proceed to consider whether a hearing is appropriate or required under the criteria set forth in *Townsend* v. Sain, 372 U.S. 1, 293(1963), *overruled on other grounds*, *Keeney v. Tamayo-Reyes,* 504 U.S. 1 (1992). Under *Townsend*, a petitioner is entitled to an evidentiary hearing if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend*, 372 U.S. at 313.[5]

Where an evidentiary hearing is neither prohibited nor mandated, the court retains discretion to decide whether to convene an evidentiary hearing. *Id.* at 318; Rule 8, Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (providing that the district court judge shall determine if an evidentiary hearing is required). In this case, the court concludes there are material facts in dispute and a hearing on this issue is warranted. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 2) Ground Two

In his second ground for relief, Petitioner alleges defense counsel was ineffective for failing to challenge his sentence. Specifically, he alleges defense counsel failed to properly investigate and challenge prior drug convictions which were treated as separate offense, which resulted in Petitioner being sentenced as a third offender and given an enhanced sentence.

---

[5]Following the decision in *Townsend*, § 2254(d), was amended in 1966. The Supreme Court held that the amendment merely codified the *Townsend* criteria. *Brewer v. Williams*, 430 U.S. 387, 395-96 (1977).

At sentencing, the following prior convictions from 1988 were used to enhance Petitioner's sentence: 1) July 1, 1988 - possession with intent to distribute cocaine; 2) July 9, 1988 - possession with intent to distribute cocaine; 3) July 21, 1988 - possession trafficking cocaine; 4) August 3, 1988 - possession with intent to distribute cocaine; and 5) August 6, 1988 - possession with intent to distribute cocaine.  Petitioner contends these convictions all stemmed from the same investigation with the same confidential informant and should have been treated as a single offense for sentencing purposes.[6]

The PCR Court found Petitioner did not meet his burden of establishing that defense counsel should have argued that Petitioner's current conviction should not have been treated a third offense.  The PCR court noted that the 1988 charges which form the basis for Petitioner's prior offense occurred over the course of one month and could not be considered as a single offense under S.C. Code Ann. § 17-25-50. (ECF No. 21-3 at 21-22).

In her Report and Recommendation, the magistrate judge stated that it could not "revisit the PCR court's determination that Petitioner's prior charges would not be considered as a single offense under South Carolina law" as "[i]t is not the province of a federal court to re-examine state-court determinations on state law questions."  (Report and Recommendation at 16) (*citing* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  The court agrees that this ground is without merit.

In *Estelle v. McGuire*, the Supreme Court held that it is not "the province of a federal habeas court to reexamine state court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Rather, a federal habeas court is "limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id*.  State-law errors

---

[6]Additionally, Petitioner's 2003 conviction for possession of marijuana was also used to enhance his sentence.  The 2003 marijuana conviction stemmed from the same incident that gave rise to his current conviction for trafficking methamphetamines.  The marijuana and the methamphetamines were found in the same container.

11

may warrant habeas relief if the errors "rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Barclay v. Florida*, 463 U.S. 939, 957–58 (1983).    Accordingly, the court can consider whether Petitioner's defense counsel was constitutionally ineffective for failing to raise this sentencing issue under state law.  That said, however, "[w]hen a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law." *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir.  2012).

Here, the PCR court held that trial counsel was not deficient in failing to argue that the current offense was a second offense, rather than a third offense.  (ECF No. 21-3 at 20).  The PCR court found there was no error in treating the offense as a third offense under South Carolina law.    *Id.* The PCR court noted that  under S.C. Code. Ann. § 17-25-50, the prior charges could not be considered a single offense because the offenses occurred over the span of one month.  Because the court must defer to the PCR court's determination on this issue of state law, Petitioner cannot establish that his defense counsel's performance was deficient under *Strickland*, 466 U.S. at 689.  *Priester v. Vaughn,* 382 F.3d 394, 401 (3d Cir. 2004) (holding that where petitioner's underlying claim was found to be meritless by the state court on state law grounds, counsel could not be deemed ineffective, and the habeas court was bound by the state court ruling).  As a result, the decision of the PCR court as to this issue is neither contrary to, nor an unreasonable application of, clearly established federal law.

## Conclusion

The court concludes that Petitioner is entitled to an evidentiary hearing to resolve factual disputes and analyze his first ground alleging a claim of ineffective assistance of counsel.  While at this time the court does not express an opinion as to the merits of the claim raised by

Petitioner, the court finds an evidentiary hearing is warranted on Petitioner's first claim.

Based on the foregoing, the court adopts the Report and Recommendation only to the extent that it recommends that Respondent be granted summary judgment on Petitioner's second claim of ineffective assistance.  Accordingly, Respondent's Summary Judgement Motion (ECF No. 20) is **DENIED in part and GRANTED in part**.   A hearing is to be held on Petitioner's remaining ineffective assistance of counsel claim on September 12, 2013.  A separate hearing notice will be entered.[7]

**IT IS SO ORDERED.**

 s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 22, 2013

---

[7]Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Following the hearing, the court will enter a final order as to Petitioner's habeas petition and address the certificate of appealability at that time.